Frank B. McGREGOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 5177.

Court of Civil Appeals of Texas, Waco.

July 6, 1972.

Rehearing Denied Aug. 3, 1972.

HALL, Justice.

On March 1, 1972, The State of Texas, "acting by and through its Grievance Committee For Bar District 6 of The State Bar Of Texas," initiated this action by filing its Formal Complaint in which it alleged that the defendant, Frank B. McGregor, an attorney, should be disbarred because of six acts of professional misconduct allegedly committed by him.

On June 2, 1972, the defendant made application for a temporary injunction to restrain the plaintiff from issuing "subpoenas or other process for witnesses to appear or produce documents or other information in any manner other than permitted under the Texas Rules of Civil Procedure and available to defendant herein on matters relating to defendant's professional conduct so long as this cause is pending."

The gists of the grounds alleged by defendant for the writ are that the plaintiff, acting through the Grievance Committee, while the suit is pending, is continuing to hold hearings on complaints against the defendant, and that, acting under color of the authority set forth in Sections 12 through 15 of the State Bar Rules [1] the plaintiff is using the power of subpoena to compel witnesses, whose identities are unknown to defendant, to appear and answer questions under oath and produce documentary or other evidence outside the presence of the defendant, under threat of punishment for contempt for failure to comply; that the defendant does not possess such power or authority; that these hearings amount to ex parte depositions of the witnesses by the plaintiff; and that the continuation of the hearings by the Grievance Committee while this suit is pending will result in irreparable injury to defendant in his defense.

Pat Beard, Waco, Charles B. McGregor, Houston, for appellant.

Davis Grant, Austin, for appellee.

After a hearing, defendant's application for the writ of injunction was denied by the trial court.

---

1. These rules are found immediately following Article 320a–1, Vernon's Texas Civil Statutes.

When a complaint charging an attorney with professional misconduct is brought to the attention of a District Grievance Committee of The State Bar of Texas, then, if the misconduct is alleged to have been committed in the district or by an attorney having his office or residence therein, the State Bar Rules require the committee to make an investigation of the complaint (Sections 11, 12), "preliminary to taking action as set forth under Section 16" of the Rules. "In conducting a hearing as a part of any investigation," the committee (or the accused attorney) may subpoena witnesses and require them to testify under oath or produce documentary or other evidence (Sections 12, 13). If a witness refuses to respond, then he may be compelled to do so by a judge of any district court, else "be punished as in cases of contempt" (Section 15). "The name of the accused member and the proceedings shall be kept private, so far as is consistent with development of the facts" (Section 12). At the "conclusion" of its investigation, the Committee "shall" take one of the following actions on the complaint (Section 16): (1) dismiss it, or (2) reprimand the attorney in writing, or (3) enter into an agreed judgment with the attorney for revocation or suspension of his license, or (4) file a "Formal Complaint" in the District Court (Sections 7, 24) of the county of the attorney's residence,[2] asking that the "defendant" be disbarred, suspended or reprimanded. All proceedings under Formal Complaint "shall" be governed by the Texas Rules of Civil Procedure (Section 21), and "the Formal Complaint may be amended, by leave of the trial judge, at any time prior to the conclusion of the trial, to include additional misconduct coming to the attention of the Committee" (Section 26).

The record shows that plaintiff has interpreted the word "private" in Section 12 of the State Bar Rules to mean "secret"; that, although defendant has been invited to attend investigatory hearings held by plaintiff, and testify or produce witnesses if he so desires, his requests to confront or cross-examine witnesses subpoenaed to the hearings by plaintiff have been denied; that plaintiff intends to continue this procedure at future hearings; and that a hearing was held on May 31, 1972, by the plaintiff, at which witnesses subpoenaed by plaintiff were examined by plaintiff about matters that could affect this lawsuit. Moreover, plaintiff admits in its brief that the statement in defendant's brief that "the Committee used its power of subpoena to summons a witness for the (May 31st) meeting to inquire as to any matters which it deemed proper, including allegations contained in the Formal Complaint of plaintiff in this lawsuit, and continues to claim such right in the future" is essentially correct.

The provisions in the State Bar Rules for the investigation and hearings by grievance committees of complaints of professional misconduct are obviously designed to aid the committees in taking one of the four measures set forth in Section 16 of the Rules. And Section 16 states that the committee's action (such, as here, the filing of Formal Complaint) shall be done at the *conclusion* of its investigation. Section 26 permits amendment of the Formal Complaint to include any additional misconduct of the defendant that is brought to the attention of the committee after suit is filed; and Section 21 requires that, after the filing of the Formal Complaint, the Texas Rules of Civil Procedure shall govern the proceeding.

Plaintiff's counsel testified on the injunction hearing. He refused to answer questions by defendant regarding the proceedings before the Committee, on the ground that such proceedings were "secret." He was affirmed in his refusal to answer by the rulings of the trial court. These rulings are assigned as error by defendant.

■ We hold that after the filing of the Formal Complaint those portions of the

---

2. See Sec. 6, Article 320a–1, Vernon's Ann.Texas Civil Statutes.

**562**

Committee hearings which may otherwise be required to be disclosed under our rules of procedure and evidence are not protected from discovery by the provision for "private" hearings in Section 12 of the State Bar Rules; and that they must be disclosed to the defendant upon a proper proceeding by him for that purpose.

We find no provision in the State Bar Rules for investigation in a case by a grievance committee, with power of subpoena, after the initiation of proceedings in court. In our opinion those Rules plainly anticipate that the power of a grievance committee to serve as an investigatory agency, under the procedures outlined in the Rules, ends with the filing of the lawsuit.

We conclude that, upon the filing of the Formal Complaint, the Grievance Committee lost its status as an official investigatory body in this case. Since the filing of the suit, the parties' procedural rights have been governed by the Texas Rules of Civil Procedure, and, while this action is pending, the Committee does not have the authority provided in the State Bar Rules to compel a person to appear before it and testify or produce other evidence regarding any complaints of alleged professional misconduct by the defendant.

Defendant's application for temporary injunction was addressed to the sound discretion of the court. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962). The pleadings and the evidence establish that the defendant was entitled to the temporary injunction as a matter of law; and the trial court therefore abused its discretion when it denied the writ. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722, 723 (1935).

The order denying the temporary injunction is reversed, and that part of this cause is remanded with instructions that, upon posting of proper bond by defendant, the court grant the temporary injunction as sought in defendant's application therefor.

Reversed and remanded.