The STATE of Texas et al., Relators,

v.

James C. SEWELL, Judge, Respondent.

No. B–3685.

Supreme Court of Texas.

Nov. 29, 1972.

Davis Grant, Gen. Counsel, State Bar of Texas, Austin, for relator.

Beard & Kultgen, Pat Beard, Waco, Charles B. McGregor, Houston, Reynolds, White, Allen & Cook, Joe H. Reynolds, Houston, for respondent.

POPE, Justice.

The members of the Grievance Committee District No. 6, State Bar of Texas, acting in their official and individual capacities, ask that this court issue its writ of mandamus commanding the Honorable James C. Sewell, Judge of the 13th Judicial District Court of Navarro County, to vacate an order which temporarily enjoins the Grievance Committee from conducting "A hearing on matters before the Committee" which were considered by the Committee at two earlier hearings. It is our opinion that the injunctive decree should be vacated.

Most of the relevant facts are included in the recitals of the injunctive order which is under attack. Frank B. McGregor is a practicing attorney in Hillsboro and is the District Attorney Elect for the 66th Judicial District. The Grievance Committee in late November, 1971, gave written notice to McGregor of a hearing set for December 9, 1971, concerning complaints of his alleged mishandling of funds during the time that he had previously served as District Attorney. At the December 9 meeting the Grievance Committee determined to file a formal complaint seeking McGregor's disbarment. That suit was filed on March 1, 1972, in the District Court of Hill County.

The Grievance Committee later gave notice to McGregor of a hearing on May 30, 1972, concerning an additional complaint arising out of his representation of a client in a court case in Hill County. After conducting that hearing, the Grievance Committee decided that it did not then have sufficient basis upon which to institute any disciplinary action.

On June 2, 1972, McGregor sought a temporary injunction in the disbarment suit pending in Hill County seeking to enjoin the Grievance Committee from pursuing any further investigation procedures following the institution of the disbarment suit. McGregor urged that, upon the filing of the disbarment suit, discovery procedures were then governed by the usual Rules of Civil Procedure, Article XII, State Bar Rules, 1A Vern.Tex.Civ.Stats., p. 221. He alleged that the Committee was exercising its inquisitorial powers after suit was filed. The trial court denied McGregor's prayer for injunction, but the court of civil appeals reversed that order and directed the trial court to enjoin the Grievance Committee from holding any further hearings or making any further investigation without complying with the Rules of Civil Procedure. McGregor v. State, 483 S.W.2d 559 (Tex.Civ.App., writ pending).

On November 1, 1972, the Grievance Committee took a non-suit on the disbarment case in Hill County. Its alleged purpose in doing so was to begin anew and to satisfy strictly the objections which McGregor had lodged to the procedures leading to the institution of that suit. The order for non-suit was without prejudice to the rights of the Committee to refile the disbarment suit.

On November 1, 1972, the day the Grievance Committee took its non-suit in the Hill County disbarment suit, Steve Latham, the Judge of the 66th Judicial District, lodged a new complaint with the Grievance Committee, and the Committee set a hearing date for November 16, 1972, and so notified McGregor. McGregor then filed a petition for injunction in the 13th Judicial District in a neighboring county. The respondent, Judge James Sewell, first granted a restraining order without notice and

then upon hearing on November 13, 1972, temporarily enjoined the Grievance Committee from conducting any hearing which would reconsider any of the matters which were before the Committee at its hearing either on December 9, 1971, or May 31, 1972. The order excepted from the injunction two complaints which appeared to be entirely new and which were not previously considered by the Committee. It is this injunctive order which is now before us.

Judge Sewell states the basis for his injunctive decree by recitals in the decree. It says that the Grievance Committee was barred by res judicata since it had already met and reached a decision at its December 9, 1971, meeting to institute a disbarment suit and it had also met and decided on May 30, 1972, that it would not institute any disciplinary action grounded upon the other complaint.

■ The order dismissing the formal complaint to disbar McGregor was without prejudice to the Committee's right to refile the suit. Such an order is not a bar to the institution of the same suit. The Grievance Committee asserts that there are other evidences of misconduct which need investigation, but the breadth of the injunctive order is such that even the calling of a meeting may subject the members to contempt procedures. It says there is an urgent need to discover and preserve documentary evidence which otherwise may be lost. The Grievance Committee's prior investigations and its decision to take disciplinary action or to forego such action have been inquisitorial in nature, but they have not been decisions upon the merits of the complaints. The preliminary investigation of an attorney for alleged misconduct has been compared to an inquisition by a grand jury. Karlin v. Culkin, 248 N.Y. 465, 162 N.E. 487, 60 A.L.R. 851, 859 (1928). Surely the further investigation of other misconduct would not be barred by the prior hearings by the Grievance Committee. The Committee's prior decisions did not ever rise to the level of a fi-

nal determination of the merits of the complaints before them, and they are not res judicata.

■■ Relief, ordinarily, by way of the writ of mandamus is granted with respect to orders which are void and for which there is no ordinary adequate remedy such as an appeal. Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961). The writ may, however, be granted in some instances when there has been a gross abuse of discretion. In Lutheran Social Service, Inc. v. Meyers, 460 S.W.2d 887 (Tex. 1970), we said that one who seeks an original mandamus to command a trial court to vacate an order has a heavy burden. He must establish that the issuance of the questioned order was a clear abuse of discretion. In Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959), we also wrote:

> While it is the general rule that a mandamus will not issue to control the action of an inferior court . . . in a matter involving discretion, the writ may issue in a proper case to correct a clear abuse of discretion. Southern Bag & Burlap Co. v. Boyd, supra; [120 Tex. 418, 38 S.W.2d 565 (1931)] Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 682 [1956].

In measuring the abuse of discretion, this court has looked with disfavor upon injunctive encroachments upon delegated administrative and executive powers which affect the state as a whole. In State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272, 274 (1939), the members of The Public Safety Commission of Texas asked for a writ of mandamus commanding a trial judge to set aside a temporary restraining order which interfered with the peace officers of Texas in the enforcement of certain provisions of the penal code. The court acknowledged that an adequate remedy in another court ordinarily is sufficient reason for the denial of a writ of mandamus. Smith v. Conner, 98 Tex. 434, 84 S.W. 815 (1905); Aycock v. Clark, 94 Tex. 375, 60 S.W. 665 (1901). The court went

on to say, however, that the rule "will not be followed in a case affecting the state as a whole and in which the orderly processes of government have been disturbed." The court then declared that the state's peace officers could proceed in the discharge of their official duties freed of the restraints of the writs issued by trial judges.

■ Ours is a society which lives under law, and lawyers, as well as the courts, are its chief protectors. This court is charged with the duty of making rules and regula-, tions for disciplining, suspending, and disbarring attorneys after appropriate investigation and trial. Section 4, Article 320a–1. This distasteful task is the work of the Grievance Committee, and restraints against the performance of its functions run afoul the purposes of Article XII, State Bar Rules, 1A Vern.Tex.Civ.Stats. The Grievance Committee is an administrative agency of the judicial department and is the arm of the Supreme Court in the discharge of its professional policing duties. In a different context, but concerning the frustration of the functions of administrative agencies, we said in Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242 (1961): "[a] board or commission created by the Legislature with authority and responsibility for determining in the first instance whether certain action shall be taken is not subject to restraint by the courts whenever it appears that an erroneous conclusion has been reached on some preliminary or procedural question. Any other rule would afford an opportunity for constant delays in the course of administrative proceedings, and there is no real need for equitable relief in the ordinary case until a final administrative determination has been made." See also Texas Aeronautics Commission v. Betts, 469 S.W.2d 394, 398 (Tex.1971).

■ The injunction granted by the judge of the 13th Judicial District is an interference with the grievance procedures authorized by Article XII of the State Bar Act and constitutes a clear abuse of discretion. The injunction decree granted on November 13, 1972, in cause 383–72, styled Frank B. McGregor v. Gladney, et al., is vacated. No motion for rehearing will be allowed.