Ethel SNEED, Appellant,

v.

H. E. BUTT GROCERY COMPANY, Appellee.

No. 1323.

Court of Civil Appeals of Texas, Corpus Christi.

June 26, 1978.

Rehearing Denied Aug. 29, 1978.

Frederic Johnson, Sinton, for appellant.

George G. Brin, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a slip and fall case. The plaintiff, Ethel Sneed, brought suit against H. E. Butt Grocery Company for injuries she sustained as a result of slipping on a grape in defendant's store. The case was tried before a jury which answered the liability issues against the plaintiff resulting in a take nothing judgment. Mrs. Sneed appeals complaining primarily that the trial court abused its discretion in ruling on the various discovery procedures instituted by Mrs. Sneed.

Mrs. Sneed, as the appellant, states that her question on appeal relates to whether or not the trial court abused its discretion by the limits it placed on the appellant Sneed to discover and present evidence which could have permitted the jury to find for the appellant. Stated differently, in the appellant's brief the appellant says that all of her points are directed collectively at the fact that the court erred in refusing to permit her to discover from the defendant company the number of accidents involving grapes occurring on its premises among its 167 stores which it operates. The appellant states that it was her theory of this case that the store manager was negligent in displaying the grapes in bulk rather than packaging the grapes. Plaintiff's idea was that if she could discover the number of accidents throughout the store system involving slip and fall cases on grapes that she *might* be able to show that such lack of packaging created a dangerous condition, and that the defendant knew of this danger and did nothing to protect this appellant, all of which caused or was a proximate cause of her injuries.

The appellant says that if she had been able to show that there were many similar accidents in the defendant's other multiple stores during the last several years, this would be a natural and convincing way of showing a jury that the sale of unpackaged fruits and vegetables constituted a hazardous condition when so used in defendant's operations.

Each of the appellant's points of error are directed at the abuse of discretion of the trial judge in failing to permit the discovery sought by the appellant. In ad-

dressing this question, we must test the trial court's ruling to see if it was arbitrary or unreasonable. *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649 (Tex.Sup.1970). And if so, whether such ruling caused or probably caused the rendition of an improper judgment. Rule 434, T.R.C.P. See *Bounds v. Caudle,* 549 S.W.2d 438 (Tex.Civ. App.—Corpus Christi 1977), rev'd on other grounds, 560 S.W.2d 925 (Tex.Sup.1978).

▮ Appellant's points of error must be overruled. The trial court did not abuse its discretion. The rules related to the discovery procedures in question here specifically authorize the trial court to: 1) quash or modify a subpoena if it is "unreasonable and oppressive"; and to 2) enter orders protecting the party from whom discovery is sought from "undue annoyance, embarrassment, oppression or expense". Rules 177a and 186b, T.R.C.P. This the trial court did. The court permitted discovery as to the number of grape-fall accidents which occurred at defendant's store in question. Such discovery revealed that two such accidents occurred during the past year that the store was in operation. The trial court authorized the appellant to gather this information concerning these two particular incidents. Even if it could be said that the trial court should have permitted additional discovery into *all* of the grape-fall accidents which had occurred at *all* of defendant's stores, the appellant cannot and does not show harm because of the trial court's ruling. The appellant did not even attempt to utilize the discovered evidence she had at the trial concerning the prior grape-fall accidents which occurred at the very store in question.

At the beginning of the trial, the court granted appellee's motion in limine which, in effect, precluded the appellant from introducing any evidence concerning prior accidents until the appellant, outside the presence of the jury, established the materiality and relevancy of such evidence. This, she did not attempt to do. Appellant made no attempt to offer any type of such evidence, secure an adverse ruling from the court, or to preserve the substance of such evidence

for appellate review. See *Hartford Accident and Indemnity Company v. McCardell,* 369 S.W.2d 331, 335 (Tex.Sup.1963); *City of Corpus Christi v. Nemec,* 404 S.W.2d 834, 836 (Tex.Civ.App.—Corpus Christi 1966, no writ). Furthermore, the appellant did not attempt to elicit the desired information concerning accidents in other stores by subpoenaing the appropriate witnesses from the defendant company or by questioning those company witnesses that were present at trial. See *Meyer v. Kupatt,* 549 S.W.2d 263, 266 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). There was no attempt to utilize the available evidence regarding prior accidents at the store in question. In addition, no bill of exception was presented during the course of the trial that would show the relevancy of the evidence the appellant wanted to discover, i. e., evidence concerning prior slip and fall accidents occurring in other stores of the defendant company because of the method of packaging. See *Gale v. Spriggs,* 346 S.W.2d 620 (Tex.Civ.App.—Waco 1961, writ ref'd n. r. e.). There is no basis from the record before us to review appellant's contentions that the trial court's action was responsible for the rendition of an improper judgment.

We have reviewed the entire record, considered all of appellant's points of error, and do not find reversible error. The judgment of the trial court is AFFIRMED.