**Abraham Alcon GREENSPAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 18466.**

Court of Civil Appeals of Texas, Fort Worth.

July 2, 1981.

Rehearing Denied July 30, 1981.

Denning Schattman, Fort Worth, for appellant.

Jerry L. Zunker, Gen. Counsel, State Bar of Texas, Steven L. Lee, Asst. Gen. Counsel, Charles W. Yett, Asst. Gen. Counsel on the brief, for appellee.

## OPINION

HUGHES, Justice.

Abraham Alcon Greenspan has prosecuted this appeal from a judgment of disbarment. The gravamen of Greenspan's complaints is that he was denied due process of law under the Texas and United States Constitutions by rulings of the trial court which refused his attempted discovery of matters relating to the proceedings before the grievance committee which filed a formal complaint against him.

We affirm.

On March 21, 1979 The State of Texas, acting through the grievance committee for the State Bar District No. 15–A filed a formal complaint in Tom Green County alleging that Greenspan had misapplied funds held as a fiduciary. Greenspan's plea of privilege to have the suit transferred to Tarrant County was sustained.

On February 1, 1980 Greenspan filed a motion for production of documents wherein he sought a complete copy of the transcript of the proceedings before the grievance committee. The trial court denied this motion on March 10, 1980.

In response to notice given by Greenspan of his intention to take the oral depositions of certain members of the grievance committee, the grievance committee filed a motion for a protective order pursuant to Tex. R.Civ.P. 186b. The trial court granted this motion on March 24, 1980.

Trial of the case was set for June 23, 1980. On May 23, 1980 Greenspan filed written interrogatories directed to the grievance committee. The parties agreed to shorten the time within which the interrogatories were to be answered. On the date the case was set for trial the trial court overruled a motion for continuance which was based upon alleged inadequacies of the grievance committee's answers to the interrogatories and also refused to compel the grievance committee to answer the interrogatories more fully.

Following a trial before a jury the trial court rendered judgment ordering Greenspan to surrender his license to practice law and his bar card.

Greenspan's contention is that he was denied due process by the trial court's refusal to allow him certain discovery which would purportedly reveal whether he was afforded due process before the grievance committee. Greenspan's first amended original answer does not raise the issue of his being denied due process before the grievance committee.

Inasmuch as this appeal involves proceedings under a formal complaint, Art. 12, sec. 21 of the Texas State Bar Rules (1973) dictates that the Texas Rules of Civil Procedure govern except where in conflict with the specific provisions of the Bar Rules.

Greenspan's first point of error is that the trial court erred in refusing to permit him to have access to the full testimony had before the grievance committee. This point of error would go to the overruling by the trial court of Greenspan's motion for production of documents.

Motions for the production of documents are governed by Tex.R.Civ.P. 167 (1976):

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to such limitations of the kind provided in Rule 186b as the court may impose, the court in which an action is pending may order any party:

"(1) To produce and permit the inspection and copying or photographing by or on behalf of the moving party of any of the following which are in his possession,

custody or control: (a) any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain, or are reasonably calculated to lead to the discovery of, evidence material to any matter involved in the action; . . . .

"(2) . . .

"Provided, that the rights herein granted shall not extend to other written statements of witnesses or other written communications passing between agents or representatives or the employees of either party to the suit, or to other communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of such claim or the circumstances out of which same has arisen."

Greenspan relies upon *McGregor v. State*, 483 S.W.2d 559, 561–2, (Tex.Civ.App.—Waco 1972, set aside without reference to the merits, 487 S.W.2d 693) as the basis for his contention that he had a clear and unequivocal right to the entire transcript. In *McGregor* the court stated:

"We hold that after the filing of the Formal Complaint those portions of the Committee hearings *which may otherwise be required to be disclosed under our rules of procedure and evidence* are not protected from discovery by the provision for 'private' hearings in Section 12 of the State Bar Rules; and that they must be disclosed to the defendant upon a proper proceeding by him for that purpose." (Emphasis ours.)

■ We turn our inquiry to what is discoverable under the rules of procedure and evidence. The grievance committee's function as an investigating body is to make inquiry in order to "collect and assemble facts and information that will enable the committee to take such future action as it may deem expedient for the public welfare." *Galindo v. State*, 535 S.W.2d 923, 930 (Tex.Civ.App.—Corpus Christi 1976, no writ).

■ Inasmuch as the transcript of the proceeding before the grievance committee is the written statements of witnesses made subsequent to the occurrence or transaction in question upon which the suit is based and made in connection with the investigation of the claim, we hold that the transcript was privileged under Tex.R.Civ.P. 167 (1976) and therefore not subject to discovery. *See: Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977).

Even if the matter sought is not privileged we hold that an insufficient showing of good cause for discovery was made. Greenspan has not demonstrated, other than by a conclusion that he will not be able to be heard in a meaningful manner, how the discovery of the transcript would be material to the issues involved in the district court. *Texhoma Stores, Inc. v. American Central Ins. Co.*, 424 S.W.2d 466 (Tex. Civ.App.—Dallas 1968, writ ref'd n. r. e.).

We overrule the first point of error.

Greenspan's second point of error is that the trial court erred in refusing to permit him to take the depositions of members of the grievance committee. This point would go to the trial court's granting of the grievance committee's motion for a protective order under Tex.R.Civ.P. 186b.

The investigative function of a grievance committee has been compared to that of a grand jury. *State v. Sewell*, 487 S.W.2d 716 (Tex.1972). Courts will not examine the mental processes of grand jurors in indicting a defendant nor will they go behind the actions of the grand jury to determine whether sufficient evidence existed to justify returning an indictment. *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr.App.1978); *Dillard v. State*, 477 S.W.2d 547 (Tex.Cr. App.1972).

The motion for a protective order, granted by the trial court, prohibited Greenspan from deposing members of the grievance committee upon these specific matters:

"1.  the subjective thought processes used by any member of the Plaintiff Committee in arriving at the decision to file this suit, and

"2. the vote of the Committee in determining to file suit in this matter, and

"3. the discussions, debates, and other oral communications by and between members of the Plaintiff Committee while in executive session to determine the matters involved in this suit, and)

"4. any other matters of consideration by the members of the Plaintiff Committee in determining to file this suit."

In reviewing the trial court's protective order we must determine whether its action was arbitrary or unreasonable, and if so, whether such ruling caused or probably caused the rendition of an improper verdict. *Sneed v. H. E. Butt Grocery Co.*, 569 S.W.2d 555, 557 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.).

■ It is difficult to perceive how any testimony which would be elicited upon deposition of the members of the grievance committee would be relevant to the issues as framed by the pleadings of the parties. This apparent lack of relevance, coupled with the desirability of limiting the scope of inquiry into the processes of the grievance committee, persuades us to hold that the trial court did not abuse its discretion.

We overrule the second point of error.

Greenspan's third point of error is that the trial court erred in refusing to compel the grievance committee to answer all of the interrogatories submitted by Greenspan. In refusing to grant a continuance and to compel the grievance committee to answer the interrogatories the trial court stated that the matters inquired about were irrelevant. Greenspan does not complain of the trial court's refusal to grant a continuance.

■ We have reviewed the interrogatories called to the trial court's attention during the hearing. We agree with the trial court's conclusion that the matters inquired about were irrelevant to the issues as framed by the pleadings. It also appears that Greenspan was dilatory in submitting the interrogatories: He filed them a year after the formal complaint and a month before the case was set for trial. We therefore hold that the trial court did not abuse

its discretion in refusing to compel the grievance committee to answer the interrogatories.

We overrule the third point of error.

We hold that Greenspan was accorded the process which was due. The judgment of the trial court is affirmed.