Charles A. DANNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 9031.

Court of Appeals of Texas,
Texarkana.

Feb. 22, 1983.

Rehearing Denied March 22, 1983.

W. James Kronzer, Houston, for appellant.

Jerry L. Zunker, Gen. Counsel, Steven L. Lee, Asst. Gen. Counsel, Austin, for appellee.

BLEIL, Justice.

Charles Danner appeals by petitioning for writ of error from a judgment of disbarment. The critical issue concerns whether Danner's responsive pleading was sufficient to constitute an answer thus preventing a default judgment based solely on the pleadings. We resolve the issue in Danner's favor.

The State Bar of Texas, acting in the name of the State, filed its complaint alleging two counts of professional misconduct on the part of Danner. Danner, representing himself, responded with an answer which provided in substance the following:

"COMES NOW CHARLES A. DANNER, Defendant in the above entitled and numbered cause and enters a General Denial, denying each and every allegation of Plaintiffs [sic] Original Petition, and demands strict proof thereof.

"Defendant specifically denies professional misconduct as alleged in Count One and Count Two of said complaint, and demands strict proof thereof."

Thereafter, the State Bar filed what it called a, "Motion for Judgment Nihil Dicit and Alternative Motion to Require More Definite Pleading." The trial court set a hearing on that motion for November 10, 1980.[1] Danner did not appear for the hearing.

The trial court, without hearing evidence, ordered Danner's pleading stricken. Then the trial court determined that Danner was in court without an answer and in default. The court found that because Danner had thus not controverted the misconduct allegations, he had admitted them. On this basis, Danner was adjudged guilty of professional misconduct and disbarred from the practice of law in Texas.

We now turn to the sufficiency of Danner's original answer. The State argues, without citing authority, that the answer did not comply with State Bar of Texas, Rules and Code of Professional Responsibility art. XII, § 25 (Vernon 1973). This section, entitled "Answer of Defendant" provides that,

"The answer of the defendant to the Formal Complaint shall either admit or deny

each allegation of the complaint, except where the defendant is unable to admit or deny the allegation, in which case defendant shall set forth the reasons why he cannot admit or deny."

We find nothing in the State Bar Act which would indicate that Danner's answer does not comply with the pleading requirements of Section 25 and with the Texas Rules of Civil Procedure. Indeed, the trend of the law has been toward notice pleading and away from a pleading of all facts relied on or denied. Tex.R.Civ.P. 45; *Sherrod v. Bailey,* 580 S.W.2d 24 (Tex.Civ.App.-Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Tennell v. Esteve Cotton Co.,* 546 S.W.2d 346 (Tex.Civ.App.-Amarillo 1976, writ ref'd n.r.e.); 2 McDonald's, Texas Civil Practice § 5.02.2 (1982). Rule 45, defining our system of pleading, provides that pleadings are sufficient when fair notice is given to the opponent. It significantly concludes with the fiat that, "All pleadings shall be so construed as to do substantial justice."

In deciding that Danner's answer sufficiently placed the issues before the trial court so that a default judgment on the pleadings was improper, we are guided by Rule 1, Tex.R.Civ.P.[2] The proper objective of the rules of procedure is applicable, whether those rules be found in the State Bar Act or in the Texas Rules of Civil Procedure. Having concluded that Danner's answer was adequate to prevent a default judgment and a judgment nihil dicit, the judgment is one which is a post answer default; the answer constitutes neither an abandonment of Danner's position nor an implied confession of any issues. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex. 1979). Therefore, the trial court's judgment on the pleadings was improper because the State Bar was required to offer evidence and prove its case.

---

1. The facts concerning a serious question about the adequacy of Danner's notice of the hearing are omitted because we need not resolve that issue to arrive at our decision.

2. Rule 1, Tex.R.Civ.P., entitled "Objective of Rules" provides:
   "The proper objective of rules of civil procedure is to obtain a just, fair, equitable and

impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

■ In view of our determination that Danner's answer precluded the judgment entered against him the case must be remanded to the trial court for a trial on the merits. However, even if we had determined Danner's answer to be insufficient, so that its striking by the trial court would have been proper, the trial court erred by failing to allow Danner to cure the defect, if possible. Tex.R.Civ.P. 90, 91; *Cameron v. University of Houston*, 598 S.W.2d 344 (Tex.Civ.App.-Houston [14th Dist.] 1980, writ ref'd n.r.e.). Danner was entitled as a matter of right to an opportunity to cure the defect, if any, before judgment was rendered against him. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). Because of these errors on the part of the trial court Danner was not afforded substantial justice in his effort to obtain a just, fair, equitable and impartial adjudication of his rights.

We reverse the judgment and remand the cause to the trial court.

HUTCHINSON, dissenting.

I would affirm the judgment of disbarment. In my view, Danner's answer did not properly traverse the "Original Formal Complaint" as required by Section 25, State Bar Rules, and was properly stricken by the trial court.

Section 21 of the State Bar Rules states that the Texas Rules of Civil Procedure shall govern disciplinary proceedings except where in conflict with a specific provision of the bar rules. State Bar of Texas, Rules and Code of Professional Responsibility art. XII, § 21 (Vernon 1973); *Greenspan v. State*, 618 S.W.2d 939 (Tex.Civ.App.-Fort Worth 1981, writ ref'd n.r.e.). As noted in the opinion of the majority, Section 25 of the State Bar Rules provides that the answer of the defendant in a disciplinary proceeding "shall either admit or deny *each allegation*" of the formal complaint. (Emphasis added.) State Bar of Texas, Rules and Code of Professional Responsibility art. XII, § 25 (Vernon 1973). This rule is in obvious conflict with the general denial allowed by Tex.R.Civ.P. 92. If the answer of

a defendant in a disciplinary proceeding need only be a general denial, the Supreme Court would not have set out the denial required by Section 25.

Unless we choose to ignore Section 21 of the State Bar Rules, Rule 92 general denials should be deemed inadequate in disciplinary proceedings. While the trend of the law has been toward notice pleading, this move is intended to benefit lay litigants who lost their causes on pleadings alone. The State Bar Rules, on the other hand, provide guidance only to members of the bar. It is not unreasonable to expect more from our own, i.e., attorneys, especially when the legal action involves the fitness of the attorney and the protection of the professional interest of the members of the State Bar. State Bar of Texas, Rules and Code of Professional Responsibility art. III, § 1 (Vernon 1973). Retention of the status as an attorney is a privilege, not a right, and therefore may be subject to different and more rigorous procedural requirements. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 834 (Tex.1980); *Sherman v. State Board of Dental Examiners*, 116 S.W.2d 843 (Tex.Civ.App.-San Antonio 1938, writ ref'd); *Marrs v. Matthews*, 270 S.W. 586 (Tex.Civ.App.-Texarkana 1925, writ ref'd).

Danner's answer is nothing more than a general denial. Even Danner admits in his brief that something more than a general denial is required by Section 25. The mere addition of the word "specifically" within the denial does not cure the defect in the pleading. All of Danner's arguments and the reasoning of the majority rely on Rule 92 and therefore fail to uphold his pleading as a valid answer.

The judgment rendered by the trial court was a nihil dicit judgment as distinguished from a default judgment. A nihil dicit judgment is appropriate where there has been an appearance but where no answer placing the merits of the case in issue is on file. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979). Danner's Original Answer constituted an appearance before the trial court such that when the court struck the answer after determining it was insuffi-

cient, Danner was left without an answer in the record and therefore subject to a judgment nihil dicit.

The review of a nihil dicit judgment is not as strict as for a default judgment. The judgment here is more in the nature of an implied confession and a reviewing court must consider all errors, other than fundamental[1] or jurisdictional, as waived. 33 Tex.Jur.2d *Judgments* §§ 130, 131 (1962); *O'Quinn v. Tate,* 187 S.W.2d 241 (Tex.Civ. App.-Texarkana 1945, writ ref'd). The trial court's judgment nihil dicit meets this standard.

I would affirm the judgment of the trial court.

---

**1.** Fundamental error is a discredited doctrine. *American General Fire & Cas. Co. v. Weinberg,* 639 S.W.2d 688 (Tex.1982); *Cox v. Johnson,* 638 S.W.2d 867 (Tex.1982).