## LIBERTY MUTUAL INSURANCE COMPANY, Appellant,

v.

## Carla S. RAMOS, Individually and as Administratrix of the Estate of Manuel Jesus Ramos, Deceased, et al., Appellees.

### No. 6482.

Court of Civil Appeals of Texas, El Paso.

July 7, 1976.

Rehearing Denied Aug. 18, 1976.

Rassman, Gunter & Boldrick, John E. Gunter, Midland, for appellant.

Warren Burnett Associated, Richard C. Abalos, Richard J. Clarkson, Odessa, for appellees.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a companion case to our Cause No. 6481, *Liberty Mutual Insurance Company, Appellant, v. Raymond E. Chesnut, Appellee*, Tex.Civ.App., 539 S.W.2d 924, and the opinion in that case this day handed down controls the disposition of this case with the addition of our ruling on the question of attorneys' fees.

This case, and the others set forth in our opinion in Cause No. 6481, 539 S.W.2d 924, were separate cases which were combined for the purposes of trial. Separate judgments were entered in each case and each present a separate appeal to this Court, but a single brief was filed with the same assignments of error to all cases except that of Raymond E. Chesnut which did not involve the question of lump sum payment of attorneys' fees. By its Point of Error Ten,

Appellant asserts that the award of lump sum attorneys' fees was error. The Supreme Court has held otherwise in *Texas Employers Insurance Association v. Motley,* 491 S.W.2d 395 (Tex.1973). It was held that the trial Court in a workmen's compensation proceeding had authority and discretion to order the insurer to make lump sum payment of the claimant's attorney fees though the compensation to the plaintiff was to be paid in weekly installments. It was pointed out that there was a restriction as to what the Industrial Accident Board can do in awarding attorney's fees which was not placed by the Legislature in its authorization of the Court to act; that whereas the Industrial Accident Board can only approve the amount of weekly payments to the attorney in instances where the claimant is receiving weekly payments, Section 7d, Article 8306, Tex.Rev.Civ.Stat. Ann., authorizes the Court to "fix and allow" such fees without the restriction as to periodic installments. In the case before us, there is no showing of abuse of discretion on the part of the trial Court, and the Point of Error is overruled.

All Points of Error relating to this case have been considered, and all are overruled. The judgment of the trial Court is affirmed.