**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Guadalupe FLORES et al., Appellees.**

**No. 17978.**

Court of Civil Appeals of Texas, Fort Worth.

April 6, 1978.

Rehearing Denied April 27, 1978.

---

1. Restatement (Second) of Torts § 928 (Tent. Draft No. 19, 1973) is in accord with these principles.

**832**

Brown, Herman, Scott, Dean & Miles and Grant Liser, Fort Worth, for appellant.

Doyle H. Willis, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

After vigorously contesting the claim of Guadalupe Flores and two of her ten children for death benefits under the Texas Workmen's Compensation Act, Texas Employers' Insurance Association did finally, after suit pendency for approximately one and one-half years, agree for judgment to be rendered against it for full benefits as provided by law.

In the judgment entered by the trial court there was provision that Texas Employers' should pay, by one lump sum payment, the 25% attorney's fee on unaccrued compensation benefits awarded claimants' attorney. The whole of the unaccrued weekly compensation benefits was calculable as having a present value of $58,582.16 by a certain table relative to pensions. The lump sum amount provided by judgment to be paid the attorney was $14,645.54.

From that part of the judgment which awarded attorney Willis this attorney's fee in a lump sum, Texas Employers' appealed.

We affirm.

In the Findings of Fact filed by the trial court appears the following:

"(b) The Court takes judicial knowledge of the tables and formulae certified correct by the Industrial Accident Board of Texas in its manual dated the 1st day of August, 1973, for use in the years 1974–1975, and of Widow's Pension Table based on the 1960 U. S. Life Tables for White Females and U. S. Employees-used to calculate compensation with the expectancy of death and remarriage, and of the life expectancy of Guadalupe Flores and her children. Based thereon the Court finds that there is a present value and sum certain of $58,582.16 that can be placed on claimants' case after proper discounts."

Texas Employers' complaints are that Art. 8306, Secs. 7d and 8, Texas Workmen's Compensation Act, does not authorize such an award, but only authorizes an attorney's fee—i. e., one applicable to the instant "death case"—in the amount actually recovered and as of times it is recovered—and not to exceed 25% of the amount recovered; that under the posture of the case the allowance of attorney's fees in a lump sum constituted an abuse of discretion.

The crux of Texas Employers' argument stems from the fact of the amendment of Sec. 7d by Acts 1969, 61st Leg., p. 48, ch. 18, § 7, effective May 18, 1969, and from the fact of the amendment of Sec. 8 by Acts 1973, 63rd Leg., p. 188, ch. 88, § 4, effective September 1, 1973.

Until September 1, 1973 there was a limitation, by virtue of limitation pay period, upon the amount of compensation to be paid for "death benefits". The period was 360 weeks from date of the injury. After September 1, 1973, as applied to cases thereafter arising, there was not such a limitation. Since 1973 the provision is that in the event of the termination of eligibility of any child to receive benefits his (or their) benefits were to be added to those being paid to the surviving spouse entitled to receive benefits; and that as applied to a spouse of the deceased his or her benefits were *to be continued until death or remarriage*, with proviso that in the event of a remarriage there would be entitlement to a lump sum payment equal in amount to the benefits due for a period of two (2) years (with no subsequent entitlement to benefits). It is the law since 1973 with which we are concerned. The cause of action began with date of injury on December 11, 1974.

It is the contention of Texas Employers' that the provisions for payment as applied to the widow of the deceased has an "open end"; that its liability cannot be ascertained, even by actuary tables; that it is possible that Mrs. Flores may shortly become deceased so that if the entitlement of her attorney be not continued to be based upon her continued existence it might be that a present payment of attorney's fees might be many times the amount of compensation she would have received or ever become entitled to receive. The same would apply in the event of her remarriage—especially should it occur promptly after the weekly payments were begun.

By reason of the foregoing, says Texas Employers' to allow her attorney his fees in a lump sum would be to compel it to pay such attorney when under the law it is the obligation of the client to pay them out of her recovery.

The argument is quite rational. Were the case controlled by Alabama law there would be probability that Texas Employers' should prevail. See *Woodward Iron Co. v. Bradford*, 206 Ala. 447, 90 So. 803, 806 (1921) where in a case having analogy the court wrote: "These words do not authorize the judge to make the employer, in effect, an insurer against the death or remarriage of a dependent widow before the maturity of the last payment, or the death or termination of the dependency of the child before the maturity of said last payments, and which would be the result by requiring the employer to pay these fees in advance and look to the last periodical payments for reimbursement." Noticed is that at time the opinion was written there was a limitation of 300 weeks as applied to the period for which compensation might be payable, though save for such provision the liability did have an "open end".

Prior to the 1973 amendment of Art. 8306, Sec. 8, "Death Benefit," the problem would not exist. Before then, when the insurer's obligation was by judgment of a court the 360-week provision for payment of death benefits would have been a legal obligation of the insurance company to her

estate should Mrs. Flores' personal entitlement be cut short by her death. By the amendment the same apparently is no longer true.

There was attack below upon the propriety of the use made of actuary tables introduced before the trial court to arrive at the time period involved and appropriate calculation therefrom. We observe no similar complaint on appeal. There would not be error anyway. 23 Tex.Jur.2d, p. 465, "Evidence" § 323, "Mortality tables." To become fascinated therewith would divert from the real question which is: May the law sanction payment by first party to a third party of a contingent obligation of the second party, when the obligation of the second party to make the payment might never occur?

Since effective September 1, 1973, date of the amendment to Art. 8306, Sec. 8 there has been only one case dealing with the question. It was *Liberty Mutual Insurance Company v. Ramos*, 543 S.W.2d 392 (Tex. Civ.App.—El Paso 1976, writ ref'd n. r. e.). There was a death case in which the El Paso Court of Civil Appeals held "there was no abuse of discretion" in the trial court's allowance of lump sum attorney's fees though claimant entitled to death benefits would receive weekly payments in their retirement. The date of fatal injury to claimant's decedent in *Ramos* was April 11, 1974.

Prior to the El Paso court's opinion in *Ramos, supra*, there was approval in allowance to claimant's attorney of lump sum though claimant's entitlement was by weekly payments in a case of specific injury under the Workmen's Compensation Act, *Texas Indemnity Ins. Co. v. Bush*, 163 S.W.2d 224 (Tex.Civ.App.—Amarillo 1942, writ ref'd); and the same holding in a permanent total disability case in *Texas Employers' Insurance Association v. Motley*, 483 S.W.2d 709 (Tex.Civ.App.—Austin 1972, with writ granted and holding approved at 491 S.W.2d 395). In such case the Supreme Court wrote (p. 396) as follows:

"On the other hand, if the compensation is based upon a *judgment* in court, which

judgment has either become final or is affirmed, the amount awarded by the court does survive the workman's death and is not subject to modification or reduction (by the court). . . . The attorney's fees, therefore, may be fixed or approved with certainty by the trial court in the light of the amount which will be recovered by the workman or those claiming under him."

It also wrote further (p. 397):

"Since the Legislature has not restricted the trial court in the handling of attorney's fees as it did the Industrial Accident Board, we hold that the trial court had the power and the discretion to order a lump sum payment by the insurance company of the attorney's fees."

A case following the law as pronounced in *Motley, supra,* was *Texas Employers' Insurance Association v. Garces,* 492 S.W.2d 723 (Tex.Civ.App.—San Antonio 1973, no writ).

Rationale of all the cases seemingly stem from the observation in *Bush, supra,* that where there the allowance of a lump sum as the attorney's fee has neither increased the liability of the insurance company or the recovery against it, it is not entitled to complain.

We do not believe that there was any abuse if indeed the trial court had the discretion to rule as it did in the instant case. The Supreme Court not having found error in *Ramos, supra,* where the holding of the El Paso Court of Civil Appeals was that there was no reversible error in allowing the lump sum to the attorney for claimant in a death case under the Texas Workmen's Compensation Law we have concluded that it is proper to overrule all of the Texas Employers' points of error.

The judgment is affirmed.