Alice J. WALTERS, Appellant,

v.

The FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.

No. 5542.

Court of Civil Appeals of Texas, Eastland.

Jan. 29, 1981.

Rehearing Denied Feb. 26, 1981.

Pat M. Reed, Dallas, for appellant.

Sam J. Day, Greg S. Hargrove, McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Fort Worth, for appellee.

RALEIGH BROWN, Justice.

This is a worker's compensation death case. Alice Jeannette Walters sought bene-

fits for the death of her husband, Henry Osborn Walters, from the Fidelity & Casualty Company of New York under the Worker's Compensation Law. She alleged that her husband sustained a job related injury which aggravated an existing condition of cancer and that he subsequently died. Following a jury trial, judgment was entered awarding Alice Walters compensation benefits to date of judgment and $70.00 per week for life (or in the event of her remarriage, to the date of remarriage plus two years), with 25% of such payments being awarded to her attorney. The trial court refused to allow any lump sum award of future benefits to either Alice Walters or her attorney. We are considering two appeals. Alice Walters has perfected a limited appeal, challenging only the court's refusal to allow a lump sum award. The Fidelity & Casualty Company of New York appeals Mrs. Walters' recovery. We affirm in both instances.

■ Fidelity & Casualty contends that as a matter of law there was no good cause for the failure to file the notice of fatal injury and claim for compensation for death within six (6) months of the death of Henry Walters. We overrule such contention.

Tex.Rev.Civ.Stat.Ann. art. 8307, § 4a (1967) provides:

Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury or of the first distinct manifestation of an occupational disease; or, *in case of death of the employee or in the event of his physical or mental incapacity, within six (6) months after death or the removal of such physical or mental incapacity. For good cause the Board may, in meritorious cases, waive the strict compliance with*

*the foregoing limitations as to notice, and the filing of the claim before the Board.* (emphasis added)

Henry Walters died on January 11, 1977. The notice of fatal injury and claim for compensation for death was not received by the Industrial Accident Board until October 20, 1977. However, on June 20, 1977, the Industrial Accident Board received a letter from Mrs. Walters' attorney which stated:

Please be advised that we represent the above captioned employee. Notice and Claim for Compensation for Injury was heretofore filed in your office on November 6, 1976. Please be further advised that Mr. H. O. Walters is now deceased. A copy of his death certificate being enclosed. It is our contention that his death was the result of the aggravation of a preexisting condition caused by his injury and work on June 12, 1976.

The carrier paid workmen's compensation on this claim until January 11, 1977. We enclose herewith Affidavit of Hardship from his widow, Mrs. Alice Walters, and please consider this our request that the case be set for prehearing conference at the early convenience of the Board. We would appreciate it if this cause could be transferred to either Dallas or in your Fort Worth office, if you have an office in Fort Worth.

The Affidavit of Hardship referred to in the letter stated:

My name is ALICE WALTERS, and I am the widow of the above Claimant, HENRY O. WALTERS, who is now deceased, having died on January 11, 1977. At the time of his death my husband had a claim pending before the Industrial Accident Board as above styled. My deceased husband was hurt on the job on the above date while working for the above employer. At the time of his death my husband was drawing $70.00 per week for disability benefits under the Workmen's Compensation Laws of the State of Texas. No payments have been made by the insurance carrier since January 11, 1977. It is my understanding that my husband died of the disease of cancer;

that he had cancer before his accident on June 12, 1976; and, that his accident aggravated his condition and therefore that his heirs are entitled to additional compensation as provided by law. I have no income and have no funds to sustain myself and as his heir I am entitled to receive any Workmen's Compensation Benefits that he would be entitled to receive if he was now living. I do not have sufficient funds to sustain myself, and since I am living under a severe economic hardship, I request an immediate prehearing conference.

The Supreme Court in *Johnson v. American General Insurance Company*, 464 S.W.2d 83 (Tex.1971), considering the manner or form for making a claim for worker's compensation, said:

> On the other hand, the statutes have not prescribed the manner or form for making a claim. No provision is made for pleadings or for the formality of procedure before the Board. It is desirable that the procedure be of such simplicity that the injured employee will be able to file his claim by himself in his own terms. He may have little knowledge of medicine or the law. A purpose in the filing of the claim is to give such information as will identify the injury or condition and serve as a basis for proper investigation, hearing and determination of the claim. The notice must describe an injury or a condition that is potentially compensable; and on appeal there must be, at least in general, an identity of the injury or condition presented to the Board. *Booth v. Texas Employers' Ins. Ass'n.*, 132 Tex. 237, 123 S.W.2d 322 (1938); *Consolidated Underwriters v. Wright*, 408 S.W.2d 140 (Tex.Civ.App. 1966, writ ref., n.r.e.); *Petray v. Travelers Ins. Co.*, 393 S.W.2d 711 (Tex.Civ.App. 1965, writ ref., n.r.e.).

See also *Prince v. Texas Employers' Insurance Association*, 466 S.W.2d 642 (Tex.Civ. App.—Eastland 1971, writ ref'd n.r.e.).

We hold that the letter and Affidavit of Hardship filed with the Board within the time prescribed by our statutes constituted a proper claim.

Henry Walters died as a result of respiratory failure. He had been diagnosed as having cancer in his lung area long before he suffered the injury to his back. Fidelity & Casualty urges that Mrs. Walters failed to produce legally sufficient evidence to show a causal connection between the back injury and respiratory failure; therefore, the jury finding that the back injury was a producing cause of Walters' death is not supported by the evidence and is manifestly unjust. We disagree.

■ In passing on no evidence points, this court must give credence only to the evidence favorable to the findings and disregard all evidence to the contrary. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974). In passing on factually insufficient evidence points, we must examine the entire record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). Applying such rules to Fidelity & Casualty's evidentiary challenges, we overrule same.

■ Dr. McCarroll, the family doctor who cared for Walters during his last illness, stated that he felt that the preexisting cancerous condition of Walters was aggravated by the injury. He also testified that he felt Walters would probably have lived "a little longer" without the back injury.

Dr. George Race, a medical doctor with very high qualifications, testified in part:

Q Now, do you have an opinion based on reasonable medical probability as to whether or not that injury which you have testified aggravated his cancerous back condition, whether or not in reasonable medical probability that act could be a producing cause of his death in January of 1977?

A I would say it could be. It is a factor along with others involving the spread of his tumor.

Q You think that in reasonable medical possibility that it was a producing cause?

A I think that's one of a group of producing causes.

\* \* \* \* \* \*

A My opinion is based on what he asked me in regard to this and I would say again that I believe the man had a cancer of the lung which was spreading and was proven to be spreading. . . . I would stick with the fact that the spine was weakened as a result of the cancer spread and, therefore, fractured and was a producing hastening cause in his demise.

We have considered, and we overrule all points of error presented by The Fidelity & Casualty Company of New York.

■ In two points of error, Mrs. Walters argues that the trial court erred in ordering future compensation benefits and attorney's fees applicable thereto to be paid on a weekly basis. She and her attorney insist that the trial court should have ordered "lump sum" discounted awards.

Tex.Rev.Civ.Stat.Ann. art. 8306, § 8 (Vernon Supp. 1980–1981) provides:

(b) The weekly benefits payable to the widow or widower of a deceased employee shall be continued until the death or remarriage of the beneficiary. In the event of remarriage a lump sum payment equal in amount to the benefits due for a period of two (2) years shall be paid to the widow or widower. . . .

\* \* \* \* \* \*

(d) The benefits payable to a widow, widower, or children under this section shall not be paid in a lump sum except in events of remarriage or in case of bona fide disputes as to the liability of the association for the death. Any settlement of a disputed case shall be approved by the board or court only upon an express finding that a bona fide dispute exists as to such liability.

The court in *Walden v. Royal Globe Insurance Company*, 577 S.W.2d 296 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.) was presented the issue of the lump sum payment of death benefits. It held that under Article 8306, Section 8, as amended, plaintiffs were not entitled to go to the jury on the question of such lump sum payments. It noted that before the 1973 amendment death benefits could be recovered in a lump

sum. However, as to the 1973 amendment, the court stated:

It is apparent from a reading of the new Section 8 that the legislature meant to change the practice with reference to lump-summing of death benefits. Section 8(d) of the new statute begins with the emphatic language, "The benefits payable to a widow, widower, or children under this section shall not be paid in a lump sum", followed by two exceptions— "except in events of remarriage or in a case of bona fide disputes as to the liability of the association for the death."

In the event of the remarriage of the widow or widower, such claimant is entitled to "a lump sum payment equal in amount to the benefits due for a period of two (2) years. . . ." Art. 8306, Sec. 8(b). And, it is to be noted that there is no reference to hardship or injustice nor to a discount. . . .

The other exception permitting payment in a lump sum is specifically confined to "settlement of a disputed case" where the board or court makes "an express finding that a bona fide dispute exists as to such liability."

To recapitulate, the express language of the new Act permits lump sum payments only in the event of remarriage and settlement wherein a bona fide dispute exists as to liability. The reason for the first is apparent: upon remarriage, the widow no longer needs the payment in lieu of wages for, presumptively, she has replaced her former wage earner. The second is present so that neither the claimants nor the carrier will be required to go for an "all or nothing" battle to determine liability. . . .

We also consider the *Walden* opinion consistent with both the majority and the minority opinions in *Twin City Fire Insurance Company v. Cortez*, 576 S.W.2d 786 (Tex. 1978).

Since there is neither a remarriage nor a settlement, we hold that the trial court correctly denied lump sum payment of future death benefits to Mrs. Walters.

■ Finally, we must consider the complaint that the trial court erred in denying

a lump sum payment of attorney's fees for future benefits recovered. Judgments authorizing such an award have been affirmed in *Texas General Indemnity Company v. Dougharty*, 606 S.W.2d 725 (Tex.Civ.App.—Beaumont 1980, no writ); *Texas Employers' Insurance Association v. Critz*, 604 S.W.2d 479 (Tex.Civ.App.—Texarkana 1980, writ filed); *Texas Employers Insurance Association v. Miller*, 596 S.W.2d 621 (Tex.Civ.App.—Waco 1980, no writ); *Texas Employers' Insurance Association v. Flores*, 564 S.W.2d 831 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *Liberty Mutual Insurance Company v. Ramos*, 543 S.W.2d 392 (Tex. Civ.App.—El Paso 1976, no writ).

The cited cases rely for their determination primarily upon *Texas Employers Insurance Association v. Motley*, 491 S.W.2d 395 (Tex.1973), even though *Motley* involved a fixed term of weeks during which benefits were payable. The court in *Motley* discussing the award of attorney's fees said:

> On the other hand, if the compensation is based upon a judgment in court, which judgment has either become final or is affirmed, the amount awarded by the court does survive the workman's death and is not subject to modification or reduction. *Bailey v. Travelers Insurance Co.*, 383 S.W.2d 562 (Tex.1964). The attorney's fees, therefore, may be fixed or approved with certainty by the trial court in the light of the amount which will be recovered by the workman or those claiming under him....

It is true that in context, Section 7d begins by speaking to the legality of a contingent fee contract between the workman and his attorney, not to exceed 25% of the amount recovered by the workman. But this court has construed the rest of that Section to give the court *independent discretion as to the fixing of attorney's fees*. This court has held that the amount of the attorney's fees to be allowed in compensation cases is a matter for the trial court to determine without the aid of a jury, and the amount of the recovery is within its discretion. *Texas Employers Ins. Assn. v. Hatton*, 152 Tex. 199, 255 S.W.2d 848 (1953); *Brooks v.*

*Texas Employers Ins. Assn.*, 358 S.W.2d 412, Tex.Civ.App.1962, writ ref., n.r.e.

Since the Legislature has not restricted the trial court in the handling of attorney's fees as it did the Industrial Accident Board, we hold that *the trial court had* the power and *the discretion to order a lump sum payment* by the insurance company of the attorney's fees....

We perceive that the Legislature may have intentionally left room for judgments which provide installment payments to the workman and to lodge in the trial court discretion as to whether to provide for the attorney's fee in a lump sum. (emphasis added)

Without passing on whether, before remarriage of the survivor or settlement of the case, a trial court's order for lump sum payment of attorney's fees is proper in a death benefits compensation case, since that issue is not before us, we conclude that the trial court had the discretion to award or deny attorney's fees in a lump sum. Mrs. Walters presents no point of error attacking the trial court's ruling as being an abuse of discretion. Furthermore, we hold that the trial court did not abuse its discretion as to the attorney's fees award. Mrs. Walters' point of error is overruled.

We have considered and we overrule all points of error. The judgment is affirmed.