LIBERTY MUTUAL INSURANCE COMPANY, Appellant,

v.

James WOODY, Deceased, and Eva Woody, Appellee.

No. 01–82–0079–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 12, 1982.

Rehearing Denied Sept. 9, 1982.

Mike Phillips, Boswell, O'Toole, Davis & Pickering, Houston, for appellant.

Robert L. LeBoeuf, Gilbert, Gilbert, Rainey & LeBoeuf, Angleton, for appellee.

Before SMITH, STILLEY and PRICE, JJ.

## OPINION

PRICE, Justice.

This is an appeal from a summary judgment awarding the appellee death benefits pursuant to the Texas Workers' Compensation Act.

James Woody was employed as a truck driver with Mims Meat Company of Houston, Texas. On February 5, 1978, he was killed in a traffic accident in Utah while in pursuit of his employment. On January 16, 1980, the Industrial Accident Board awarded Eva Woody, his estranged wife for more than eight years, death benefits as the sole surviving beneficiary. The appellant filed suit on February 18, 1980, to set aside this award pursuant to Tex.Rev.Civ.Stat.Ann. art. 8306 § 8a, claiming the appellee abandoned the decedent without good cause for a period of three years prior to his death. The appellee answered and filed a counter claim. On December 21, 1981, the trial court granted appellee's motion for summary judgment which relied upon her verified claims stating in part:

> James R. Woody and I were married on October 5, 1957, in Spotswood, New Jersey. James R. Woody died on February 8, 1978. We were never divorced. I never abandoned him. . . .

> Since James R. Woody's death I have not remarried and I have no intention to ever remarry.

Initially, appellant complains about the trial court's determination that there was no genuine issue as to any material fact concerning whether the appellant abandoned James Woody without justifiable cause. They argue that the appellee's allegation denying abandonment is conclusionary and

therefore meaningless to overcome the fact issue created by the affidavit of their claims manager Terry Hickman which states: that another insurance investigator had discovered that a divorce case had been filed in April 1976, in Philadelphia, Pennsylvania, in which James Woody appeared as one of the moving parties; that one of the insurance adjusters, who had interviewed the appellee in November of 1979, had been told by the appellee that her husband had a history of "tomcatting" around and that she had separated from him because of this quirk; and that Joan Woody, who claimed to be decedent's common-law wife, had told an agent of the insurance company that the decedent had told her that he was never married prior to the time he took up a common-law relationship with her. Attached to Mr. Hickman's affidavit were various parts of the insurance company's investigation file, including letters, memoranda, and a transcription of the interview with Joan Woody, which reflected the statements made in Mr. Hickman's affidavit.

Abandonment in legal significance is the act of one spouse voluntarily separating from the other, with the intention of not returning to live together as husband and wife, that continues for the length of time required by statute. Such separation can not be caused, pursued, or consented to by the non-abandoning party. *Jackson v. Jackson,* 470 S.W.2d 276 (Tex.Civ.App.— Fort Worth 1971, writ ref'd n.r.e.) As a defensive issue, abandonment is one of avoidance because it does not attempt to negate a necessary element of the claimant's cause of action. Defenses of avoidance are expressly made affirmative defenses by Tex.R.Civ.P. 94. An affirmative defense must be pled and proved by a party relying on it. It is not incumbent upon the claimant to incorporate in pleadings allegations which negative the defense of abandonment. The mere pleading of abandonment by a party does not place any additional burden of proof on the claimant nor is it sufficient to withstand a properly evidenced motion for summary judgment. *Gulf, Colorado and Santa Fe Railway Company v. McBride,* 159 Tex. 442, 322 S.W.2d 492 (1958); *Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974).

At the hearing on the motion for summary judgment, the burden was on the appellee to show that there was no genuine issue of fact as to the claim asserted by her. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952); *City of Houston v. Clear Creek Basin,* 589 S.W.2d 671 (Tex.1979).

The evidence heard on appellee's motion for summary judgment consisting of requests for admissions, written interrogatories, and affidavits, showed her legal right to the same. The motion could only be denied by the court if the appellant raised its affirmative defense of abandonment by some means other than the pleadings. Appellant relies on the affidavit and attachments of its claim's manager to supply the necessary data to establish the factual controversy. However, the affidavit is insufficient as summary judgment evidence because it is based on hearsay, containing matters not within the personal knowledge of the affiant. *Berger v. Berger,* 578 S.W.2d 547 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Moya v. O'Brien,* 618 S.W.2d 890 (Tex.Civ.App.—Houston [1st Dist.] writ ref'd n.r.e.). Furthermore, the investigative file accompanying the affidavit as an attachment raises no issue of abandonment. A letter in the file refers to the separation as one of mutual consent caused by James' "tomcatting" around. The file further reflects a lengthy separation with James living with a woman other than his wife. This being true, no fact issue as to abandonment was established.

The appellant's first point of error is overruled.

The appellant asserts under its second point of error that the trial court abused its discretion by granting the appellee's motion to quash the taking of her deposition.

After suit was originally filed in February 1980, the appellee filed her first motion for summary judgment on June 30, 1981. The trial court after considering the pleadings, affidavits, and admissions on file, granted this motion on September 14, 1981.

Because there was no response to this original motion, the trial court, on September 28, 1981, allowed this motion to be re-opened at the request of the appellant. On October 19, 1981, the trial court, after reconsidering all evidence, entered a summary judgment order, in favor of appellee disposing of the issues of liability and abandonment. It was not until after this hearing that appellant began discovery proceedings. The appellant does maintain, however, that a certified letter dated as early as August 25, 1981, was sent to appellee requesting to take her deposition. No evidence of this letter appears in the record. The trial court refused to permit the taking of appellee's deposition because it was an attempt to re-open the issue of abandonment that had been previously decided. As an alternative, the trial court did permit appellant to file requests for admissions and written interrogatories, but limited discovery to matters not previously ruled on. On November 30, 1981, the appellee filed a final motion for summary judgment which was subsequently granted in her favor on December 21, 1981.

The appellant argues that the preceding sequence of events reveals that it was systematically precluded from conducting necessary discovery that was essential to the case.

■ The trial court's refusal to permit discovery must be so arbitrary and unreasonable as to cause or probably cause the rendition of an improper verdict. Tex.R. Civ.P. 434; Sneed v. H.E. Butt Grocery Co., 569 S.W.2d 555 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). For cases dealing directly with the trial court's denial of the taking of a deposition, see Greenspan v. State, 618 S.W.2d 939 (Tex.Civ.App.— Fort Worth 1981, writ ref'd n.r.e.); Harris County v. Hunt, 388 S.W.2d 459 (Tex.Civ. App.—Houston 1965, no writ).

■ The trial court did not abuse its discretion. The matters of liability, including the issue of abandonment, which the appellant was attempting to re-open through discovery, had been disposed of previously by summary judgment. There had been two

hearings and a lapse of four months while this motion was pending. At no time during this period did the appellant apply for the issuance of a commission to take appellee's deposition or offer any evidence on the issues of liability and abandonment sufficient to raise a fact question.

The appellant's second point of error is overruled.

In its third point of error, the appellant complains that the trial court abused its discretion by denying its motion to modify or reform the final judgment. Specifically, the objection goes to the trial court's refusal to modify its judgment to eliminate the lump sum attorney's fees which had been awarded to the appellee's attorney on the basis of future benefits.

The record reflects that the appellee died on January 16, 1982, after the trial court had rendered an oral final judgment in favor of the appellee on December 21, 1981, but before the court had signed the written judgment on January 20, 1982. The judgment awarded all past due benefits which had accrued and future weekly benefits, based on the Widow's Pension Table, until death or remarriage. Lump sum attorney's fees, based on these future benefits, were awarded appellee's attorney. On March 8, 1982, a hearing was held on the appellant's motion, which requested that the judgment be modified to reflect a recalculation of the future death benefits based on the actual date of appellee's death and to eliminate the lump sum attorney's fees for these benefits. The appellant's motion was denied and the judgment was allowed to stand.

■ There is no dispute that the trial court had the authority to modify or reform its judgment. A trial court's judgment is rendered when its decision is affirmatively announced, either orally in open court or by memorandum filed with the clerk. A written judgment is not a prerequisite to the finality of a judgment. Usually it is only a ministerial act reflecting the court's action. Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex.1970); Dunn v. Dunn, 439 S.W.2d 830 (Tex.1969); Knox v. Long, 152

Tex. 291, 257 S.W.2d 289 (1953). It has also become the act by which the time requirements for the appellate steps are determined. The written judgment permits the trial court to retain its jurisdiction, for modification purposes, for thirty days after it is signed. Tex.R.Civ.P. 329b(d).

The appellant argues that Tex.Rev.Civ. Stat.Ann. art. 8306 § 8(b) and § 7d (Vernon Supp.1982) required that the trial court modify its judgment to reflect that the appellee had died and that her attorney was not entitled to the lump sum fees previously awarded. It maintains that any other decision would be an abuse of discretion. Section 8(b) limits the continuation of weekly benefit payments until the death or remarriage of the beneficiary, while section 7d allows the fixing of attorney's fees to be calculated on the benefits accruing to the beneficiary as a result of the services performed by the attorney.

It is well settled that article 8306 § 7d gives the trial court independent discretion in setting attorney's fees with the right to award a lump sum amount while the beneficiary's compensation is to be paid in weekly installments. *Texas Employers Insurance Association v. Motley,* 491 S.W.2d 395 (Tex.1973); *Liberty Mutual Insurance Company v. Ramos,* 543 S.W.2d 392 (Tex.Civ. App.—El Paso 1976, writ ref'd n.r.e.); *Texas Employers Insurance Association v. Flores,* 564 S.W.2d 831 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.)

At the time of the judgment, on December 21, 1981, the trial court calculated the present value of the future benefits. At that point they became fixed and definite, and lump sum attorney's fees were awarded accordingly. The attorney's services were complete and all that remained was for the beneficiary to collect her weekly awards. Her untimely death cut off her right to receive such benefits from that point forward as it would have whenever she died.

It would be a harsh result to deny an attorney his fees for completed services just because his client dies after judgment is rendered rather than after the judgment has either become final or is affirmed. Sec-

tion 7d does not require such a modification and in the present case the trial court did not abuse its discretion by not doing so. The statute only requires that the benefits accrue for the attorney to be awarded his fees, not that they be enjoyed.

The trial court's judgment is affirmed.