

# The Attorney General of Texas

March 24, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. H. S. Harris, Jr.
Chairman
Texas Industrial Accident Board
200 East Riverside Drive
Austin, Texas    78704

Opinion No. JM-21

Re:    Workers'    Compensation
statutes pertaining to payment
of lump sum benefits in cases
involving fatality

Dear Mr. Harris:

You have asked us to construe sections of the workers' compensation laws providing for lump sum payment of death benefits in certain cases involving fatality. You suggest that the requirements of section 8(d), article 8306, V.T.C.S., are inconsistent with those of sections 15 and 17 of the same article.

Section 15 states that in cases where death or incapacity results from an injury, a lump sum payment of benefits may be made. It also provides that in cases where manifest hardship and injury would otherwise result, the board may compel payment of its award in a lump sum. Section 17 provides for lump sum payment of benefits to non-resident alien beneficiaries when certain requirements are met. Both sections 15 and 17 were enacted in 1917. Acts 1917, 35th Leg., ch. 103, §§15, 17, at 280-81.

Article 8306, section 8 was amended in 1973. Acts 1973, 63rd Leg., ch. 88, §4, at 187-88. Section 8(d) currently reads in part:

> The benefits payable to a widow, widower, or children under this section shall not be paid in a lump sum except in events of remarriage or in case of bona fide disputes as to the liability of the association for the death. (Emphasis added).

Thus, section 8 appears to bar lump sum payment under circumstances where sections 15 and 17 would permit it.

You first ask:

> 1. May the Industrial Accident Board award lump sum benefits to a surviving spouse or child where there is no bona fide dispute as to the liability of the insurance carrier?

The Texas Supreme Court discussed article 8306, section 8 in Twin City Fire Insurance Company v. Cortez, 576 S.W.2d 786 (Tex. 1979). The court stated that article 8306, section 8 restricts lump sum death benefits to the two situations listed in section 8(d). Id. at 789. Accord, Walters v. Fidelity & Casualty Company of New York, 611 S.W.2d 934, 937 (Tex. Civ. App. - Eastland 1981, writ ref'd n.r.e.); Walden v. Royal Globe Insurance Company, 577 S.W.2d 296, 299-300 (Tex. Civ. App. - Beaumont 1979, writ ref'd n.r.e.). Thus, where payments are made to a widow, widower, or children as a result of the death of the insured, lump sums may be paid in only two circumstances: (1) to a widow or widower upon remarriage, or (2) in case of bona fide disputes as to the liability of the association. The 1973 amendment to section 8 was intended to change the prior practice of paying death benefits in a lump sum. Walters v. Fidelity & Casualty Company of New York, supra; Walden v. Royal Globe Insurance Company, supra.

Your first question is answered in the negative because neither of the conditions requisite to payment of a lump sum is present.

Your second question is as follows:

> 2. May the Industrial Accident Board approve a lump sum settlement agreement by a surviving spouse or a child and the insurance carrier, in a fatal case, where there is no bona fide dispute as to the liability of the insurance carrier, but only a dispute as to the proper beneficiary or beneficiaries?

No provision of the workers' compensation law authorizes lump sum payment to settle a dispute as to the proper beneficiary. Sections 8 and 8a of article 8306 state the persons to whom death benefits are payable. The last sentence of section 8a provides that "[t]he compensation provided for in this law shall be paid weekly to the beneficiaries herein specified, subject to the provisions of this law." (Emphasis added). Sections 8a and 8(d) also provide for weekly payments. There is no conflict between section 8a and section 8(d). Section 8(d) provides that lump sum payments may be made in disputes as to the liability of the association; section 8a provides that where there is no dispute as to liability, beneficiaries must be paid weekly. Therefore, we conclude that lump sum payments may not be made to beneficiaries when the only dispute is to whom payments must be made.

You next ask:

> 3. May the Industrial Accident Board award lump sum benefits to a surviving spouse or child or other beneficiary, where there is no bona fide dispute as to the liability of the insurance

carrier, but where the board finds 'manifest hardship and injury would otherwise result' as authorized in section 15?

Your third question was answered by the Eastland Court of Civil Appeals in Walters v. Fidelity & Casualty Company of New York, supra at 937. The widow of the deceased employee attested that she had no income or funds, and that she was living under a severe economic hardship. She argued that the trial court should have awarded a lump sum payment of death benefits. The appellate court discussed section 8(d) and stated as follows:

> Since there is neither a remarriage nor a settlement, we hold that the trial court correctly denied lump sum payment of future death benefits to Mrs. Walters.

See also Twin City Fire Insurance Company v. Cortez, supra at 789.

Section 15 now applies only in cases where the insured's injury results in incapacity, not death.

You finally ask the following question:

> 4. Despite the provision of section 17, are the restrictions on lump sum payments described in section 8(d) applicable in cases involving the payment of fatal benefits to non-resident alien beneficiaries?

Your last question concerns whether lump sum payments may be made to non-resident alien beneficiaries as provided in section 17. Section 8(d), as the latest expression of legislative intent repeals inconsistent provisions of section 17. See State v. Easley, 404 S.W.2d 296, 300 (Tex. 1966); Allied Finance Company of Bay City v. J.M. Falkner, 397 S.W.2d 846, 847 (Tex. 1966). Thus, payments to the non-resident alien beneficiaries of a deceased insured may be made to a widow or widower only in the event of remarriage or to other beneficiaries in cases of bona fide disputes as to liability of the association.

## S U M M A R Y

Article 8306, section 8(d), V.T.C.S., restricts lump sum payment of death benefits to two situations: (1) upon remarriage of the widow or widower or (2) in the case of bona fide disputes as to the liability of the association. Thus, the Texas Industrial Accident Board may not award lump sum payments to an unremarried widow or widower or

to other beneficiaries where there is no dispute as to the liability of the insurance carrier. There is no provision in the Workers' Compensation Act permitting a lump sum payment in the settlement of a dispute as to proper beneficiaries. Thus, no lump sum payment may be made in that circumstance. The board may award lump sum payments pursuant to sections 15 and 17 of article 8306, V.T.C.S., to the insured where he survives but is incapacitated, but not to the beneficiaries of a deceased insured.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger