Eldrina BRANDON, Appellant,

v.

NEW YORK UNDERWRITERS
INSURANCE COMPANY,
Appellee.

No. 09–89–171 CV.

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1990.

Rehearing Denied Oct. 4, 1990.

Kermit C. Morrison, Jr., Port Arthur, for appellant.

David J. Fisher, Orgain, Bell & Tucker, Beaumont, for appellee.

Before BROOKSHIRE and BURGESS, JJ., and JACKSON B. SMITH, Jr., J. (Retired Sitting by Assignment).[1]

1. The Honorable Jackson B. Smith, Jr., retired, Court of Appeals, First District at Houston, sit-

**OPINION**

JACKSON B. SMITH, Jr., Retired Justice.

The sole issue in this worker's compensation case is whether a surviving parent may receive a lump sum payment of benefits when liability is uncontested and it is found that manifest hardship will result if payments are made weekly. The trial court construed the provisions of the Workers Compensation Act, TEX.REV.CIV. STAT.ANN. art. 8306 et seq. (Vernon 1983), not to authorize a lump sum payment under the facts of this case. Accordingly, the court held that appellant's benefits must be paid weekly.

Appellant's only point of error is that the trial court erred in its construction of the provisions of the act and appellant is entitled to a lump sum payment under the provisions of the act.

The facts of the case are uncontested. Henry J. Noel, Jr. died as a result of injuries received on November 30, 1987, while he was working in the course and scope of his employment. Appellant, Eldrina Brandon, his mother, is a beneficiary under the act and is entitled to receive $115.50 per week for 360 weeks. The deceased's father is also a beneficiary, but is not a party to this cause of action. Appellant alleged and the trial court found that weekly payments of her benefits under the act would result in manifest hardship and injustice to the appellant.

The parties agree that resolution of the issue in this case requires a construction of article 8306, sections 8(b), 8(d), and 15 to determine the legislative intent. We quote the pertinent portions of those sections:

Sec. 8(b) The weekly benefits payable to the widow or widower of a deceased employee shall be continued until the death or remarriage of the beneficiary. In the event of remarriage a lump sum payment equal in amount to the benefits due for a period of two (2) years shall be paid to

ting by assignment.

the widow or widower. The weekly benefits payable to a child shall be continued until the child reaches eighteen (18) years of age, or beyond such age if actually dependent, or until twenty-five (25) years of age if enrolled as a full-time student in any accredited educational institution. All other legal beneficiaries are entitled to weekly benefits for a period of three hundred and sixty (360) weeks.

. . . .

Sec. 8(d) The benefits payable to a widow, widower, or children under this section shall not be paid in a lump sum except in events of remarriage or in case of bona fide disputes as to the liability of the association for the death. Any settlement of a disputed case shall be approved by the board or court only upon an express finding that a bona fide dispute exists as to such liability. . . . Upon settlement of all cases where the carrier admits liability for the death but a dispute exists as to the proper beneficiary or beneficiaries, the settlement shall be paid in periodic payments as provided by the law. . . .

. . . .

Sec. 15(a) In cases where death or incapacity in any degree results from an injury, the liability of the association may be redeemed by the payment of a lump-sum by agreement of the parties thereto subject to the approval of the Industrial Accident Board. Where in the judgment of the Board manifest hardship and injury would otherwise result, the Board may compel the association to redeem the liability by payment of the award of the Board in a lump-sum. . . .

(b) Not withstanding Subsection (a) of this section, a lump-sum settlement, award, or judgment may not be made in violation of Section 8(b) or 8(d), Article 8306. . . .

Appellant basically makes two arguments that she is entitled to a lump sum payment of benefits. First, she contends that the legislature intended to make a distinction between how payments would be made to a surviving spouse and to a surviving parent. She points out that the legislature in the last sentence in sec. 8(b), in providing for benefits for all other beneficiaries, used the word "entitled" while in the first sentence in that section, providing for benefits of a widow or widower, the legislature used the phrase "shall be continued." Because the legislature used different verbiage in these two sentences, she concludes that it was the legislative intent in sec. 8(b) not to limit payment of benefits to a surviving parent to weekly payments as it had done for a surviving spouse or child. Thus, she concludes that she is entitled to a lump sum payment as provided in sec. 15(a) of the act.

Appellant's second contention is that sec. 8(d) is applicable only to a "widow, widower, or children" because the phrase "all other beneficiaries" is omitted from that section. Thus, she again concludes that she is entitled to a lump sum settlement as provided in sec. 15(a) of the statute.

Both of appellant's above contentions point out that the court found a manifest hardship and injustice would result, if her benefits were paid weekly.

It is evident that the Texas legislature has always endeavored to provide a method of payment to beneficiaries under the Workers' Compensation Act that was in the best interest of the beneficiaries. Moreover, the Texas courts have construed the act in the same manner. *See, Stott v. Texas Employers Insur. Assoc.,* 645 S.W.2d 778 (Tex.1983).

It is equally apparent that prior to 1973, the legislature was satisfied that where a manifest hardship would result if benefits were paid weekly, it would be in the best interest of the beneficiary to permit a lump sum payment to the beneficiary. In 1973, based on what the legislature perceived to be an abuse of the lump sum settlement procedure, the legislature amended article 8306, sec. 8 and placed significant limitations upon when and to whom lump sum payments could be made.[2] Those limita-

---

**2.** For a detailed discussion of the history of the act and why the legislature made this decision, read Justice Quentin Keith's majority opinion in *Walden v. Royal Globe Ins. Co.,* 577 S.W.2d 296,

tions are the same as those set out in sections 8(b) and 8(d) quoted above.

In construing the provisions of a statute, we are required to consider the entire statute. To arrive at the legislative intent, every provision of a statute should be construed in conjunction with other provisions to produce a harmonious result for the entire statute. *Black v. Amer. Bankers Ins. Co.*, 478 S.W.2d 434, 437 (Tex.1972).

Looking to the pertinent sections of article 8306, we find that sec. 15(b) expressly prohibits the lump sum payment of benefits provided for in sec. 15(a), if such payment would be in violation of sec. 8(b) or sec. 8(d). Section 8(b) sets forth the length of benefits, while sec. 8(d) sets forth the method of payment.

The issue in the present case pertains only to the method of payment to a surviving parent of a deceased employee. This issue apparently has not been addressed by the Texas courts because neither of the parties to this suit nor this court have located any applicable case law. However, in 1983, the Texas Attorney General issued an opinion in which he concluded that other beneficiaries could not receive a lump sum payment in a worker's compensation death case because of the provisions in article 8306, sec. 8(d). *See* Op.Tex.Att'y Gen. No. JM–21 (1983).

The cases cited in the Attorney General's opinion support his conclusions as applied to claims by a surviving widow, widower, or child, but not as applied to other beneficiaries such as the surviving parent involved in this case. *See Twin City Fire Ins. Co. v. Cortez*, 576 S.W.2d 786 (Tex. 1979) (claims by surviving widow and children); *Walden v. Royal Glove Ins. Co.*, 577 S.W.2d 296, 299–300 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.) (claims by a surviving widow and children); *Walters v. Fidelity and Casualty Co. of New York*, 611 S.W.2d 934, 937 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.) (claim by a surviving widow).

In reaching his conclusion in Op. No. JM–21, the Attorney General appears to treat all surviving beneficiaries as one category or class, while sections 8(b) and 8(d) appear to divide the beneficiaries into two classifications; i.e., a surviving widow, widower, or child in one category, and the other surviving beneficiaries in another category. Section 8(b) expressly divides beneficiaries into two categories by use of the terminology "widow or widower" and "child" and then in another sentence using the phrase "all other beneficiaries." Section 8(d) expressly addresses benefits payable to a "widow, widower or children" and then by implication in the last paragraph creates another category by stating, "upon settlement of all cases … [involving] the proper beneficiary or beneficiaries."

We conclude that the legislature has placed a surviving parent in a different category from a surviving spouse or child. As a result, we must decide whether it was the legislature's intent to prohibit a surviving parent from obtaining a lump sum payment of benefits under the provisions of sections 8(b) and 8(d).

In 1973, when the legislature amended sec. 15 and added the limitations set forth in sections 8(b) and 8(d) upon lump sum payments to the beneficiaries, it could have stated with specificy in sec. 8(d) that "other beneficiaries" would receive their benefits on a weekly basis, but it chose not to do so. Instead, it stated that (1) upon settlement of all cases, (2) where the carrier admits liability, and (3) a dispute exists as to the beneficiary or beneficiaries, periodic payments shall be made. The only difference in our factual situation and the provisions of sec. 8(d) is that we have no dispute as to whom are the proper beneficiaries. However, this difference becomes significant when we look at the provisions of sec. 15(b) which prohibits a lump sum payment only if it violates sections 8(b) or 8(d). Because we have no dispute as to whom is the proper beneficiary, the provisions of sec. 8(d) are not applicable to this case. The trial court found that a manifest hardship

298–300 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.) and Chief Justice Martin Dies' dis-

sent on the motion for rehearing.

would result if appellant was to receive her benefits on a weekly basis. Because sec. 8(b) does not pertain to method of payment, and because we have found that the limitations to lump sum payments set forth in sec. 8(d) are not applicable to the facts of this case, we conclude that appellant is entitled to receive her benefits in a lump sum payment.

We hold that article 8306, sections 8(b) and 8(d) do not prohibit a lump sum payment, as provided for in article 8306, sec. 15(a), to a surviving parent, where the issues of proper legal beneficiary and liability are uncontested, and the trial court has found that weekly payments to the surviving parent would result in manifest hardship and injustice to the parent.

The judgment of the trial court is reversed and the cause is remanded to the trial court for entry of a judgment awarding appellant her benefits in a lump sum payment as provided by law.

REVERSED AND REMANDED.