**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Bessie Isabell CROWE, Individually and as Next Friend of Johnny Louis Crowe, Minor Son of Deceased Employee, John Wayne Crowe, Appellee.**

No. 01–90–00521–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 11, 1991.

---

John W. Belk, Houston, for appellant.

Glenn H. Devlin, Houston, for appellee.

Before COHEN, PRICE[1] and WILSON, JJ.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

## OPINION

WILSON, Justice.

This appeal arises from a workers' compensation death case. The question presented is whether death benefits due under the Workers' Compensation Act may be paid in a lump sum when a bona fide dispute regarding the liability of the carrier exists, or if the payment may be made only if the case is settled. We hold that settlement is not required as a prerequisite to a lump sum award.

The jury found that John Wayne Crowe was injured on his job, and the injury was the producing cause of his death. The jury also found the payment of compensation in weekly installments, instead of a lump sum, would result in manifest hardship to Mrs. Crowe and her son. The trial court entered judgment for appellee (hereinafter Mrs. Crowe), consistent with the jury's verdict. Appellant challenges appellee's legal entitlement to receive the amounts awarded in a lump sum. We affirm.

The judgment awarded Mrs. Crowe her deceased husband's accrued compensation benefits, the future unaccrued benefits, and reasonable and necessary medical expenses in a lump sum of $126,062.89. The award also included attorneys' fees in the amount of 25% of the total judgment. Appellant, Nationwide Mutual Insurance Company (hereinafter Nationwide), filed a motion for rehearing on entry of judgment, a motion for judgment nunc pro tunc, and an amended proposed final judgment.

The trial court conducted a hearing at which Nationwide sought to have the trial court modify the judgment to provide for the payment of unaccrued workers' compensation death benefits in weekly installments, rather than in a lump sum. The trial court's denial of this request ultimately became the foundation of this appeal.

In Nationwide's sole point of error, it contends that the trial court erred in awarding unaccrued workers' compensation future death benefits to Mrs. Crowe in a lump sum rather than in weekly installments, and therefore erred in denying Nationwide's motion for rehearing on entry of judgment.

■ The Workers' Compensation Act provides that:

Where in the judgment of the Board manifest hardship and injury would otherwise result, the Board may compel the association to redeem the liability by payment of the award of the Board in a lump-sum, and a discount shall be allowed for present payment....

TEX.REV.CIV.STAT.ANN. art. 8306, § 15(a).[2] The above provision applies with equal force to district courts when an appeal is perfected from a Board award, as in the present case. *Traders & Gen. Ins. Co. v. Wilson*, 147 S.W.2d 866, 871 (Tex.Civ.App.—Fort Worth 1941, no writ).[3] However, "a lump-sum settlement, award, or judgment may not be made in violation of Section 8(b) or 8(d)" of this article. TEX.REV.CIV.STAT. ANN. art. 8306, § 15(b).[4]

■ Nationwide relies on two cases holding that the express language of § 8(d)[5] of

2. Act of June 1, 1959, 56th Leg., R.S., ch. 357, § 15 1959 Tex.Gen.Laws 783, 783 *repealed by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), 1989 Tex.Gen.Laws 1, 114. This statute was in effect at the time of the Board's award.

3. Although the wording of the statute has been changed, the meaning of the 1917 provision is essentially the same as the 1959 version of the Act, which applies to the present case. The 1917 version reads: "In special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board." Act of March 28, 1917, 35th Leg., R.S., ch. 103, § 15, 1917 Tex.Gen.Laws 269, 280 *amended by* Act of June 1, 1959, 56th Leg., R.S., ch. 357, § 1, 1959 Tex.Gen.Laws 783, 783.

4. Act of June 19, 1983, 68th Leg., R.S., ch. 995, § 1, 1983 Tex.Gen.Laws 5391, 5391 *repealed by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), 1989 Tex.Gen.Laws 1, 114.

5. Act of May 15, 1973, 63rd Leg., R.S., ch. 88, § 8(b), 1973 Tex.Gen.Laws 187, 189 *repealed by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), 1989 Tex.Gen.Laws 1, 114.

the Workers' Compensation Act permits lump sum payment of death benefits under two circumstances only: (1) in the event of remarriage; or (2) in the case of a settlement, where a bona fide dispute exists as to liability. *Walden v. Royal Globe Ins. Co.*, 577 S.W.2d 296, 299 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.); *Walters v. Fidelity & Casualty Co.*, 611 S.W.2d 934, 937 (Tex.App.—Eastland 1981, writ ref'd n.r.e.). Because this case does not involve a remarriage or settlement, Nationwide argues that the statute does not authorize a lump sum award of future unaccrued death benefits.

The *Walden* and *Walters* courts have misconstrued the express language of the statute regarding the second exception. Section 8(d) of the Workers' Compensation Act provides:

> The benefits payable to a widow, widower, or child under this Section shall not be paid in lump sum, except in events of remarriage or *in case of bona fide disputes as to the liability of the association for the death.* Any settlement of a disputed case shall be approved by the board or court only upon an express finding that a bona fide dispute exists as to such liability.

TEX.REV.CIV.STAT.ANN. art. 8306, § 8(d) (emphasis added).

The *Walden* and *Walters* courts interpret the second exception to apply only in the case of settlement. The *Walden* court states that the "exception permitting payment in a lump sum is specifically confined to 'settlement of a disputed case' where the board or court makes 'an express finding that a bona fide dispute exists as to such liability.'" *Walden*, 577 S.W.2d at 300 (quoting in part article 8306, § 8(d)). However, the statute states that a lump sum may be paid "in case of bona fide disputes as to the liability of the association for the death." TEX.REV.CIV.STAT.ANN. art. 8306, § 8(d). The second sentence of section 8(d) merely states an additional requirement that any settlements must comply with the second exception in order for a lump sum award to be allowed. A settlement must "be approved by the board or court only upon an express finding that a bona fide dispute exists" as to the insurance company's liability for the death. TEX.REV.CIV. STAT.ANN. art. 8306, § 8(d).

In the case at hand, Nationwide does not contend a bona fide dispute did not exist regarding Nationwide's liability for Crowe's death. Further, the record before this Court indicates that a bona fide dispute did exist. Mrs. Crowe, in her original petition, alleged that Nationwide was liable for the death of Crowe as the insurance company for Crowe's employer. The jury charge contains a question on whether Crowe received an injury in the course of his employment that was the producing cause of his death. Since the statute allows a lump sum award in a case of a bona fide dispute regarding liability for death, and there is nothing to indicate that a bona fide dispute did not exist on this issue in the case before us, the lump sum award of future unaccrued death benefits to Mrs. Crowe was authorized by the statute.

We decline to follow the holdings of *Walters* and the majority in *Walden*. We further note and agree with the dissent of Chief Justice Dies to the *Walden* case as the proper interpretation of the statute. Accordingly, Nationwide's sole point of error is overruled, and the judgment is affirmed.